UNITED STATES of America,
Appellee,

v.

Damian A. CLARKE, also known as
Short Man, also known as Mr.
Butch, Defendant–Appellant,

Richard Skelton; Andrea Skelton; Michael Washington Blackwood, also known as Jamaican Black, also known as Fnu Lnu; Richard Green, also known as Michael Phillips, also known a Roland Lnu; Fitzgerald Swaby, also known as Chris; Paul Tyndale; Leon Cooke, also known as Cats, also known as Fnu Lnu; Cornell Watson, also known as Getty, also known as Marshall; Rene Lnu; Paul Francis, also known as Pablo; Neville French, also known as English; Dynell King; Robert E. Butler; Anthony Marasco; Anthony R. Martin, also known as Capone; Dwight Jean, also known as D.; Kamal Wilkins, also known as Solo, also known as Kamal Watkins; Leon White, also known as Tall Man, also known as Neville Tawdeen; Frank Cotrupe; Donnel Hymes, also known as Duke; William Keith Thomas, also known as Wop, Defendants,

William W. Mercer, Jr., also known as Chubb, Defendant.

Nos. 01–1468(L), 01–1518(CON).

United States Court of Appeals,
Second Circuit.

Oct. 8, 2004.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Appellant.

John M. Katko, Assistant United States Attorney (Lisa M. Fletcher, Elizabeth S. Riker Assistant United States Attorneys, Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), United States Attorney's Office for the Northern District of New York, Syracuse, NY, for Appellee, of counsel.

Present: MINER, CABRANES and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** the judgment of the District Court is hereby **AFFIRMED.**

■ Defendant Damian A. Clarke appeals his conviction for conspiring to distribute and to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Defendant asserts that he was denied his right to a fair trial when the prosecutor, during rebuttal summation, made improper and prejudicial remarks. Specifically, defendant complains that the prosecutor openly admonished defense counsel—"shame on you for inferring that [the government] did something underhanded in this case"—and then compounded the error by asking the jury to send a message, through their verdict, that "the people of the United States ... have the right to try and eradicate and discourage drugs in the streets." [**SPA at 207 & 219**] For the first time on appeal, defendant also claims that the "dual testimony" given by law enforcement officers in their capacity as both factual and expert witnesses compromised his right to a fair trial. [**Blue at 35**] Finally, in a supplemental brief, defendant challenges the constitutionality of the District Court's enhancement of his sentence based upon the District Court's finding that defendant used a firearm in connection with the charged offense. In accordance with *United States v. Mincey*, 380 F.3d 102, 105–06 (2d Cir.2004), defendant's challenge to the District Court's enhancement of his sentence is rejected.

In adjudging whether the prosecutorial misconduct was so great as to amount to a denial of due process, this Court considers "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct." *United States v. Melendez*, 57 F.3d 238, 241 (2d Cir.1995). While the prosecutor's remarks in the instant case were plainly improper, (1) defense counsel failed to object to the prosecutor's remarks contemporaneously, [**SPA at 235**](2) an appropriate curative instruction was given to the jury, at defense counsel's request, to disre-

**630**

gard the offending remarks, [**SPA at 243**] and, (3) as the District Court observed in denying defendant's motion for a new trial, "the overwhelming evidence [against defendant and his co-defendants] indicate[d] a certainty of conviction notwithstanding [the prosecutor's] comments." [**GA at 196**] On balance, therefore, we are not persuaded that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotation marks omitted).

■ Nor do we believe that the "dual testimony" was so plainly erroneous or prejudicial as to require reversal of defendant's conviction. *See United States v. Cruz,* 363 F.3d 187, 194 (2d Cir.2004) (noting that though "[d]istrict courts must be especially vigilant in evaluating the admissibility of expert testimony where ... a law enforcement official is called on to testify as a fact witness but also functions as an expert for the government, ... this type of 'dual testimony is not objectionable in principle.'") (quoting *United States v. Feliciano,* 223 F.3d 102, 121 (2d Cir.2000)). To be sure, it would have been preferable had one of the investigating agents not testified that, on the basis of his experience, he had concluded that defendant and two of his co-defendants were "spokes" in a massive drug conspiracy. [**GA at 69**] *See United States v. Boissoneault,* 926 F.2d 230, 233 (2d Cir.1991) (reversing conviction due to insufficiency of the evidence where government agent, over defense counsel's objections, made "conclusory statements" as to the significance of the evidence that jury could have drawn for itself). Defense counsel, however, did not object to the testimony at the time, and, in light of the weight of the evidence, defendant cannot now demonstrate that his sub-

stantial rights were affected. *See United States v. Desena,* 260 F.3d 150, 159 (2d Cir.2001) ("To meet the plain error standard, [defendant] is required to demonstrate that the alleged errors affected his substantial rights resulting in manifest injustice.").

\*    \*    \*    \*    \*    \*

We have considered all of defendant's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED**. The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*